U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    | Dec 10 2024 |

CAROL L. MICHEL
CLERK
cf                          Mail

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE CLOFER** ) | **CIVIL ACTION NO.** |
| ) | **23-6268 § "R" (2)** |
| **Plaintiff** ) | |
| ) | |
| **VERSUS** ) | |
| ) | |
| **DA: JOSEPH H. F. CONNICK SR, LEON A.**) | |
| **CANNIZARIO: ADA: JACOB FRENKEL,** ) | |
| **ERIC DUBELIER, ROCKNEY MOSELEY,** ) | |
| **JOSEPH IUZZOLINO, KEVIN BOSHEA,** ) | **CIVIL RIGHTS COMPLAINT** |
| **DEBORAH WEISLER, MICHELLE,** ) | **WITH JURY TRIAL DEMAND** |
| **BUTLER, DA: JASON R. WILLIAMS,** ) | |
| **MAYOR: LaTOYA CANTRELL,** ) | |
| **GOV.: JEFFREY MARTIN LANDRY,** ) | |
| **JOHN DOE** ) | |
| ) | |
| **Defendants** ) | |

_____    _____
     **FILING DATE**          **CLERK OF COURT'S SIGNATURE**

## AMENDED COMPLAINT

### I    PRELIMINARY STATEMENT

1.    Plaintiff seeks to recover money damages from the defendants for maliciously conspiring

to commit fraud and suborn perjury testimony from the Coroner Dr. Monroe S. Samuel simply

because the plaintiff flatly refused the State's plea offer which resulted in plaintiff serving a total

of Thirty-six (36) miserable years in the Louisiana State Prison.

### II.    JURISDICTON

2.    This is a civil rights action under 28 U.S.C. §1343 (3).  This Plaintiff also invoke the

pendent jurisdiction of this Court.

## III.   PARTIES

3.     Plaintiff Tyrone Clofer is a citizen of the United States of America.

4.     Defendant DA Joseph H.F. Connick was responsible for the operation, training and management of the office of the District Attorneys for the State of Louisiana.  He is being sued in his individual and official capacity.

5.     Defendant DA Leon A. Cannizarro was responsible for the operation, training management of the office of the District Attorneys for the State of Louisiana.  He is being sued in his individual and official capacities.

6.     Defendant Asst. DA Jacob Frenkel, an agent of Connick/Cannizarro deliberately and maliciously conspired to commit fraud and suborn perjure testimony.  He is being sued in his individual and official capacities.

7.     Defendant Asst. DA Eric Dublier, an agent of Connick/Cannizarro deliberately and maliciously conspired to commit fraud and suborn perjure testimony.  He is being sued in his individual and official capacities.

8.     Defendant Asst. DA Rockney Moseley, an agent of Connick/Cannizarro deliberately and maliciously conspired to commit fraud and suborn perjure testimony.  He is being sued in his individual and official capacities.

9.     Defendant Asst. DA Joseph Iuzzolino, an agent of Connick/Cannizarro deliberately and maliciously conspired to commit fraud and suborn perjure testimony.  He is being sued in his individual and official capacities.

10.    Defendant Asst. DA Kevin Boshea, an agent of Connick/Cannizarro deliberately and maliciously conspired to commit fraud and suborn perjure testimony.  He is being sued in his individual and official capacities.

11.     Defendant Asst. DA Deborah Weisler, an agent of Connick/Cannizarro deliberately and maliciously conspired to commit fraud and suborn perjure testimony.  She is being sued in her individual and official capacities

12.     Defendant Asst. DA Michelle Butler, an agent of Connick/Cannizarro deliberately and maliciously conspired to commit fraud and suborn perjure testimony.  She is being sued in her individual and official capacities.

13.     Defendant Dr. Monroe S. Samuel (Coroner) was responsible for the operation and management of the Louisiana State Coroner's Office.  He deliberately and maliciously perjure himself under oath.  He is being sued in his individual and official capacities.

14.     Defendant **JASON R. WILLIAMS (DISTRICT ATTORNEY)** an agent of the City of New Orleans, LA who is responsible for the operation and management of the New Orleans, LA Parish District Attorney's Office.  He is being sued in his individual and official capacity for mismanagement and dereliction of duty.

15.     Defendant **LaTOYA CANTRELL (MAYOR)** who is the representative of all the agents of the State of Louisiana.  She is being sued in her individual and official capacity for mismanagement and dereliction of duty.

16.     Defendant **JEFFREY MARTIN LANDRY, (GOVERNOR)** an agent of the State of Louisiana, who is responsible for the operation and management of the City of New Orleans, LA He is being sued in his individual and official capacity for mismanagement and dereliction of duty.

## FACTS

17.      On April 25, 1986, a homicide was committed in the 9th Ward on Piety Street in New Orleans, LA.

18.      On April 25, 1986, Asst. John L. Moss, (Coroner) arrived on the scene and examine the body of the victim.

19.      On April 25, 1986, Asst. John L. Moss, (Coroner) reported in pertinent part that: the victim had received a single gunshot wound to the **_CHEST_** and the bullet had exited the lower right **_BACK_** of the victim.

20.      On April 25, 1986, Det. Timothy Suzeneau interviewed several witnesses and one of those witnesses viz., Tracy Washington implicated that plaintiff was the perpetrator of the crime.

21.      On April 26, 1986, Dr. Monroe S. Samuel (Coroner) performed the autopsy and reported in pertinent part that: the bullet had entered the **_CHEST_** of the victim and exited the victim's lower right **_BACK_**.

22.      On May 12, 1986, plaintiff was arrested and booked on the charge of "**_First degree murder_**" for the killing of one Eugene Johnson.

23.      On June 26, 1986, Asst. DA Joseph Iuzzolino took the case as 14:31 and not 14:30 because of the following reason(s).  1) Drug related argument, 2) Victim had PCP in blood, 3) Victim's record and 4) Witness says victim grabbed plaintiff's wrist.

24.      On June 27, 1986, Asst. DA Joseph Iuzzolino screened the case and accepted the charge of (Manslaughter), Case No. 314-793.

25.      On July 3, 1986, Asst. DA Eric Dublier filed a Bill of Information and formally accused plaintiff of violating R.S. 14:31.

26.    On July 16, 1986, bond was originally set for Twenty thousand dollars ($20,000,00) then later reduced to Fifteen thousand dollars ($15,000,00).

27.    On August 21, 1986, plaintiff was placed before the bar of the Court for trial.  However, before the first witness was sworn on the merits, the State had offer plaintiff Five (5) years to forgo trial, Plaintiff flatly refused the offer and demanded his right to go to trial.  The State became furious and immediately requested orally for a continuance stating: "As the State intended to rebill the matter as or have it reinstituted as a Second degree murder."  Over defense objection, the continuance was granted, and a Status Conference was set for Sept. 15, 1986.

28.    On Sept. 15, 1986, as a direct result of the State's failure to get an indictment, the Conference was reset for Sept. 22, 1986.

29.    On Sept. 22, 1986, as a direct result of the State's failure to get an indictment, the Court again, reset the Conference for Sept. 29, 1986.

30.    On Sept. 29, 1986, again, as a result of the State's failure to get return an indictment, the Court again ordered that the Pre-Trial be considered as being held.  The Court this time around ordered that Trial be set to commence on Oct. 30, 1986, **with all notices to go out**.

31.    In total defiance of the Court's order, on its own motion, the State clandestinely moved the case from Section "C" to Section "I" of the Criminal Court Building.

32.    On Oct. 16, 1986, ADA Joseph Iuzzolino again screened the case and accepted the charge of **Second degree murder**.

33.    On Oct. 16, 1986, ADA Joseph Iuzzolino, and Kevin Boshia presented the case to the grand jury in Section "I" which were endorsed and signed by their Foreman.  The indictment accused plaintiff of violating R.S. 14:30.1 relative to the charge of **Second-degree murder**.  Case No. 316-553.

34.     On Oct. 16, 1986, on motion of the State, the Court ordered an "Alias Capias" issued in the amount of One Million Dollars ($1,000,000.00) because the State had falsely alleged that plaintiff was "**AT LARGE**"

35.     On Oct. 17, 1986, on its own motion, the State again clandestinely moved Case 316-553 from Section "I" and back to Section "C" of the Criminal Court Building.

36.     On Oct. 21, 1986, both Case 314-793 and Case 316-553 were simultaneously pending in Section "C" of the Criminal Court Building.

37.     On Oct. 21, 1986, plaintiff again, was arraigned on the fabricated charge of **Second degree murder**, and once again, plaintiff entered a plea of "**Not Guilty**".

38.     On Oct. 21, 1986, Case 314-793 was "Nolle Prosequied" and the State then proceeded to trial on Case 316-553.

39.     On Jan. 6, 1987, trial had commenced.  Dr. Monroe S. Samuel (Coroner) perjure himself by testifying falsely under oath that the bullet had entered the "**BACK**" of the victim and exited the "**CHEST**" of the victim.  The false testimony that was provided to the grand jury under oath mislead the jury into believing that the victim was running away when he was shot and plaintiff had a "**Specific Intent**" to kill him.

40.     On Jan. 7, 1987, (The second day of trial) the jury returned a guilty verdict as charged.

41.     On Jan. 13, 1987, as a direct result of the suborn perjury testimony that was provided by Dr. Monroe S. Samuel, plaintiff was sentenced to suffer for the rest of his entire life in the Louisiana State Prison.

## CLAIMS

### First Cause of Action

42.     The actions of the defendants stated in paragraph 17 through 41 denied plaintiff's Eight and Fourteenth Amendment rights viz; prohibition against cruel and unusual punishment and due process of law.

43.     Plaintiff's Eight Amendment right to be free of unjustifiable cruel and unusual punishment and the Fourteenth Amendment due process clause of the United States Constitution made applicable to the State was violated when:

44.     a)      Plaintiff was being simultaneously charged with violating both R.S. 14:31 and R.S. 14:30.1 at the same time for the same offense.

45.     b)      Plaintiff was being simultaneously held in custody on two bonds, one for Fifteen Thousand Dollars ($15,000.00) and the other for One Million Dollars ($1,000,000.00) for the same offense.

46.     c)      Plaintiff was made to suffer for Thirty-six (36) years in the Louisiana State Prison based upon suborn perjury testimony.

47.     d)      Plaintiff was made to suffer for Thirty-six (36) years in the Louisiana State Prison based upon Malicious Prosecution.

### Relief

*WHEREFORE*, Plaintiff requests this Honorable Court grant the following relief:

**A.**     Issue a declaratory judgment that the defendants violated the United States Constitution when they:

1)      Deliberately and knowingly committed fraud upon the Court by falsely alleging that Plaintiff was at "**LARGE**" released from custody.

2)      Deliberately and knowingly suborn Dr. Monroe Samuel (Coroner to perjure himself while under oath.

3)      Deliberately and knowingly charged Plaintiff simultaneously with violating R.S. 14.31 and R.S. 14:30.1 for the "**SAME OFFENSE**" twice.

4)      Deliberately and knowingly held Plaintiff simultaneously in custody on a bond for Fifteen Thousand Dollars ($15,000.00) bond on the charge of Manslaughter and a One Million Dollar ($ 1,000,000.00) bond on the charge of Second degree murder for the "**SAME OFFENSE**"

B.      Grant compensatory damages in the following amount:

1)      One Billion Dollars ($1,000, 000,000.00) against the State of Louisiana for allowing its agents to conspire in committing a grave injustice by planning with premeditation and vindictiveness to commit a "Malicious Prosecution" and "Fraud" upon the court for the sole purpose of inflicting egregious pain and suffereing upon plaintiff and his family simply because plaintiff exercised his Constitutional Right to go to trial by jury.

C.      Grant punitive damages in the following amount:

An equally shared amount against all of the defendants who were equally involved in the plot to severely inflict punishment upon the plaintiff and his beloved family simply because the plaintiff exercised his Constitutional Right to go to trial by jury.

D.      Grant such other relief as it may appear that plaintiff is entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

***THUS SIGNED THIS 14th day of November 2024.***

<u>Plaintiff's Signature</u>



CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

9589 0710 5270 2521 9253 19

Tyrone Clofer
9955 Bammel North Houston Rd
Apt. #4020
Houston, TX 77086

Clerk's Office
United States District Court
Eastern District of Louisiana
New Orleans, LA 70130

$11.82 0
US POSTAGE
FIRST-CLASS
062S0014504R5
FROM 77088



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA


### CIVIL ACTION NO. 23-6268 § "R" (2)


### TYRONE CLOFER

### VERSUS

### GOVERNOR OF LOUISIANA
### MAYOR OF LOUISISANA
### DISTRICT ATTORNEY OF LOUISIANA

*********************************************************************************

### SUMMONS

To the above named defendant: **Gov. Jeffrey M. Landry, Division of Administration, 1201 N. Third St., Baton Rouge, LA 70802.**

You are hereby summoned and required to serve upon plaintiff **Tyrone Clofer**, whose address is **9955 Bammel North Houston Rd, Apt. #4020, Houston, TX 77086,** an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____

Clerk of the Court

[Seal of the U.S. District Court]

Date: _____ 2024.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TYRONE CLOFER** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO. 23-6268** |
| **STATE OF LOUISIANA** | **SECTION "R" (2)** |

<u>**NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND**</u>
<u>**COMPLAINT**</u>

TO:  <u>Jeffrey Martin Landry, Governor, State of Louisiana, P.O. Box 94004, Baton Rouge, LA</u>

<u>70804</u>

The enclosed summons and complaint are served pursuant to Rule 4(c)(2)(C)(ii) of the

Federal Rules of Civil Procedure.

You must complete the Acknowledgement part of this form and return one copy of the

completed form to the sender within 20 days.

You must sign and date the acknowledgement.  If you are served on behalf of a corporation

association (including) a partnership), or other entity.  If you are served on behalf of another person

and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return this form to the sender within 20 days, you (or the party

on whose behalf you are being served) may be required to pay any  in expense incurred in serving

a summons and complaint in any other manner permitted by law.

If you do not complete and return this form you (or the party on whose behalf you are being

served) must answer the complaint within 20 days.  If you fail to do so, judgement by default will

be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury that this Notice and Acknowledgement of Receipt of

Summons and Complaint was mailed on:

_____.

Tyrone Clofer
9955 Bammel North Houston Rd
Apt #4020
Houston, TX 77086

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**TYRONE CLOFER**                                    **CIVIL ACTION**
                    **Plaintiff**

**VERSUS**                                           **NO. 23-6268**

**STATE OF LOUISIANA**                               **SECTION "R" (2)**


### ACKNOWLEDGEMENT OF RECEIPT
### OF SUMMONS AND COMPLAINT

I declare under penalty of perjury, that I received a copy of the Summons and of the

Complaint in the above-captioned manner at:

_____.


_____
(Defendant's Name)


_____
(Relationship to Entity/Authority
to Receive Service of Process.)


_____
Date of Signature