UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE CLOFER | CIVIL ACTION |
| VERSUS | NO. 23-6268 |
| DA JOSEPH CONNICK SR., *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant LaToya Cantrell, in her individual capacity and her official capacity as the mayor of New Orleans.[1] The motion was set for submission on January 9, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance January 2, 2025.[3] Plaintiff Tyrone Clofer, who is not represented by counsel,[4] did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[5]

---

[1] R. Doc. 74.

[2] R. Doc. 74-2.

[3] Because the Court was closed on January 2, 2025, in the aftermath of the New Year's Eve terror attack in New Orleans, the Court would have accepted a filing on January 3, 2025, but none was filed then either.

[4] A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Thus, the courts "expect litigants to meet court deadlines and observe the rules of civil procedure." *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015).

[5] Plaintiff Clofer, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging that defendants, various former employees of the Orleans Parish District Attorney and other public officials and entities, violated his constitutional rights in the course of vindictively prosecuting him for a murder that occurred in 1986. R. Doc. 30. Plaintiff alleges that all defendants conspired to violate his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. *Id.* The alleged conduct that violated these rights included being held in custody on two bonds for the same act, being simultaneously charged with violating Louisiana's manslaughter and second-degree murder statutes, spending 36 years in Louisiana state prison for a charge that he was not arrested for or booked on, and spending 36 years in prison due to vindictiveness and malicious prosecution. *Id.* at 7. The complaint mentions Cantrell once and alleges that, as the current mayor, Cantrell "is the representative of all the agents of the State of Louisiana" and "is being sued in her individual and official capacity[ies] for mismanagement and dereliction of duty." *Id.* at 3. Clofer requests declaratory relief against the

1

IT IS ORDERED that Cantrell's motion to dismiss (R. Doc. 74) is GRANTED.

IT IS FURTHER ORDERED that Clofer's claims against Cantrell, in her individual capacity, are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Clofer's claims against Cantrell, in her official capacity, are DISMISSED WITHOUT PREJUDICE.[6]

New Orleans, Louisiana, this 13th day of January, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

defendants as well as compensatory damages. *Id.* at 8. Cantrell moves to dismiss the claims against her under Rule 12(b)(6) for failure to state a claim. R. Doc. 74. As to the individual capacity claims, Clofer does not (and cannot) allege that Cantrell was the mayor of New Orleans during Clofer's criminal trial and conviction. Simply put, there are no plausible allegations demonstrating that Cantrell had (or could have had) any personal involvement in Clofer's underlying criminal proceeding. Thus, Clofer's individual capacity claims against Cantrell must be dismissed with prejudice. Clofer also brings claims against Cantrell in her official capacity as the current mayor. Section 1983 "allows suits against any 'person' for violation of federal rights." *Daves v. Dall. Cnty.*, 22 F.4th 522, 532 (5th Cir. 2022) (quoting 42 U.S.C. § 1983). "Municipalities, which include counties and certain other local governmental bodies, are 'persons' under Section 1983." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.54 (1978)). However, "[s]tates and their officials are not 'persons'" for purposes of the statute. *Id.* "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). "An official policy usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389-90 (5th Cir. 2018) (quotation omitted). "It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (quotations and alterations omitted). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 752 (5th Cir. 2023) (quotation omitted). Assuming for the sake of Cantrell's motion to dismiss (without deciding the issues) that the mayor is the correct policymaker for any portion of Clofer's claim and that Clofer stated at least one constitutional violation, there are no specifical factual allegations in the complaint establishing that the mayor had any official policy that was the moving force behind a violation of a constitutional right. *See* R. Doc. 30. Moreover, Clofer identifies employees of the district attorney's office and the coroner as agents of the City of New Orleans. *Id.* at 3. But that assertion is incorrect because the Orleans Parish District Attorney's office and the Orleans Parish Coroner are offices of the State of Louisiana. La. R.S. 13:5701-5727; La. R.S. tit. 16. Thus, Clofer's claims against Cantrell in her official capacity as mayor must be dismissed without prejudice.

[6] After Cantrell filed her motion to dismiss, Clofer filed a new amended complaint. R. Doc. 85. The latest amended complaint does not materially alter Clofer's allegations against any defendant, including Cantrell. *Compare* R. Doc. 30 *with* R. Doc. 85. Accordingly, the Court will treat Cantrell's motion to dismiss as having been directed at both complaints, so any claims Clofer asserts against Cantrell in the new amended complaint (R. Doc. 85) are likewise dismissed on the same basis.