UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYRONE CLOFER

VERSUS

DA JOSEPH CONNICK SR., *et al.*

CIVIL ACTION

NO. 23-6268

SECTION M (2)

### **ORDER & REASONS**

Before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Deborah Weisler Fallis.[1] The motion was set for submission on January 9, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance January 2, 2025.[3] Plaintiff Tyrone Clofer, who is not represented by counsel,[4] did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[5]

---

[1] R. Doc. 81.

[2] R. Doc. 81-2.

[3] Because the Court was closed on January 2, 2025, in the aftermath of the New Year's Eve terror attack in New Orleans, the Court would have accepted a filing on January 3, 2025, but none was filed then either.

[4] A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Thus, the courts "expect litigants to meet court deadlines and observe the rules of civil procedure." *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015).

[5] Plaintiff Clofer, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging that defendants, various former Orleans Parish District Attorneys (including Fallis) and other public officials and entities, violated his constitutional rights in the course of vindictively prosecuting him for a murder that occurred in 1986. R. Doc. 30. Plaintiff alleges that all defendants conspired to violate his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. *Id.* The alleged conduct that violated these rights included being held in custody on two bonds for the same act, being simultaneously charged with violating Louisiana's manslaughter and second-degree murder statutes, spending 36 years in Louisiana state prison for a charge that he was not arrested for or booked on, and spending 36 years in prison due to vindictiveness and malicious prosecution. *Id.* at 7. The complaint mentions Fallis (nee Weisler) once and alleges that she was "an agent of the [Orleans Parish District Attorney's] office" and "is being sued in her individual and official capacity for maliciously conspiring to commit fraud and suborn perjure[d] testimony." *Id.* at 3. Clofer requests declaratory relief against the defendants as well as compensatory damages. *Id.* at 8. Fallis moves to dismiss the claims against her under Rule 12(b)(6) for failure to state a claim and on grounds of absolute prosecutorial immunity. R. Doc. 81. This Court has already dismissed with prejudice Clofer's similar claims brought against three other former assistant district

1

IT IS ORDERED that Fallis's motion to dismiss (R. Doc. 81) is GRANTED, and Clofer's claims against her are DISMISSED WITH PREJUDICE.[6]

New Orleans, Louisiana, this 13th day of January, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

attorneys, finding that they were entitled to absolute prosecutorial immunity from Clofer's claims brought under 42 U.S.C. § 1983 and from his state-law claims to the extent that he attempts to state a claim for vindictive prosecution and fraud, and that Clofer is not entitled to the declaratory relief sought. R. Doc. 71. The same reasoning applies to Clofer's claims against Fallis, which must also be dismissed with prejudice.

[6] After Fallis filed her motion to dismiss, Clofer filed a new amended complaint. R. Doc. 85. The latest amended complaint does not materially alter Clofer's allegations against any defendant, including Fallis. *Compare* R. Doc. 30 *with* R. Doc. 85. Accordingly, the Court will treat Fallis's motion to dismiss as having been directed at both complaints, so any claims Clofer asserts against Fallis in the new amended complaint (R. Doc. 85) are likewise dismissed on the same basis.