UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TYRONE CLOFER | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6268 |
| JOSEPH H.F. CONNICK, SR., ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff's third Motion to Appoint Counsel.  ECF No. 83.

## I.    BACKGROUND

Plaintiff Tyrone Clofer filed this § 1983 claim against various former Orleans Parish district attorneys, assistant district attorneys, and the coroner alleging that they maliciously prosecuted him for a murder that occurred in 1986, after which he was wrongfully convicted and incarcerated for 36 years.  ECF No. 1.[1]  Plaintiff filed an Amended Complaint adding District Attorney Jason Williams and Mayor Latoya Cantrell and a Second Amended Complaint adding Louisiana Governor Jeff Landry.  ECF Nos. 30, 85.[2]

In all of his complaints, Plaintiff asserts the same claims:  his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment due process rights were violated when he was (1) simultaneously charged with second degree murder and manslaughter, LA. REV. STAT. §§ 14:30.1, 14:31; (2) simultaneously held in custody on two bonds; (3) held in custody based on false testimony; and (4) held in custody due to malicious prosecution.  ECF Nos. 1 at 6-7; 30 at 7; 85 at 7.

---

[1] In response to my Show Cause Order, Plaintiff demonstrated that his conviction had been vacated as a result of the Supreme Court's decision in *Ramos v. Louisiana*, 590 U.S. 83 (2020) (holding non-unanimous verdicts for a serious offense unconstitutional).  ECF Nos. 3, 6, 8.

[2] The court allowed the Second Amended Complaint on the basis that the claims against Governor Landry were deemed to be against the State of Louisiana, and the claims against dismissed Defendants Eric Dubelier, Joseph Iuzzolino, and Jacob Frenkel would be disregarded.  ECF No. 84.

The record reflects service on only some of the defendants.[3] Judge Barry Ashe has granted motions to dismiss filed by all served defendants. Specifically, Defendants Eric Dubelier, Joseph Iuzzolino, and Jacob Frenkel filed motions to dismiss pursuant to Rule 12 based on prosecutorial immunity. ECF Nos. 36, 39, 44. Plaintiff filed Opposition Memoranda. ECF Nos. 43, 46. Judge Ashe granted the motions, dismissing Plaintiff's claims against Dubelier, Iuzzolino, and Frenkel with prejudice. ECF No. 71. Defendant Deborah Weisler likewise moved to dismiss the claims on the basis of prosecutorial immunity, which Judge Ashe granted. ECF Nos. 81, 88. Defendants Jason Williams, the City of New Orleans and Latoya Cantrell also moved to dismiss the claims pursuant to Rule 12. ECF Nos. 73, 74. Judge Ashe granted those motions. ECF Nos. 86, 87.

## II.    **APPLICABLE LAW**

A litigant has no constitutional right to a court-appointed attorney in a civil case,[4] even one involving civil rights.[5] Appointment of counsel should not occur as a matter of course or ordinary practice.[6] It is required only when the plaintiff establishes "exceptional circumstances."[7]

Although the Fifth Circuit has declined to articulate a comprehensive definition of "exceptional circumstances," it has identified various factors that should be considered in determining whether exceptional circumstances warrant the appointment of counsel:[8]

(1) the type and complexity of the case;

---

[3] *See, e.g.*, ECF Nos. 34 (Iuzzolino), 37 (Dubelier), 54 (Frenkel), 58 (Weisler), 59 (Cantrell), 60 & 61 (Jason Williams and Orleans Parish DA's Office), 62 (City of New Orleans). The record does not reflect service of any complaint on Joseph H.F. Connick Sr., Leon A. Cannizaro, Rockney Moseley, Kevin Boshea, Michelle Butler, Governor Jeff Landry/State of Louisiana. *See* ECF No. 84 at 2 (explaining that leave allowed for an amended complaint against the State of Louisiana and will construe Plaintiff's claim against Governor Landry as being asserted against the State).
[4] *See F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (citations omitted) ("The Sixth Amendment right to counsel is inapplicable in civil cases.").
[5] *Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001) (citing *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir.2001) (holding that there is no automatic right to appointment of counsel in civil rights cases)); *Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023) (citations omitted) (noting that a § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right).
[6] *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd*, 272 F.3d at 301; *Castro Romero*, 256 F.3d at 353-54; *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)).
[7] *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer*, 691 F.2d at 213.
[8] *Ulmer*, 691 F.2d at 213 (quoting *Branch*, 686 F.2d at 266).

(2) whether the indigent plaintiff is capable of adequately presenting the case;

(3) whether the indigent plaintiff is in a position to investigate and adequately prepare the case; and

(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross-examination.[9]

The court also considers whether appointment of counsel advances the proper administration of justice (i.e., the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination).[10]

If the court determines that the appointment of counsel is proper, it has the authority to *request* an attorney to represent the plaintiff pursuant to 28 U.S.C. § 1915(e)(1). The Court also has the extra-statutory authority to *order* an attorney to represent the plaintiff when exceptional circumstances exist *and* efforts to secure non-compulsory representation are unsuccessful.[11] The power to compel appointment of counsel, however, is a power of last resort and is not to be invoked unless all other options have been exhausted.[12] Before compelling representation, the court may consider additional circumstances, including:

(1) an attorney's assessment that the claims are meritless;

(2) whether taking the case could subject the attorney to discipline;

(3) plaintiff's antagonistic behavior toward previous counsel;

(4) whether the attorney has good cause to decline; and

(5) any change in plaintiff's circumstances.[13]

---

[9] *Id.*; *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). Exceptional circumstances exist when, for instance, discovery containing sensitive information is provided to the court under seal as a security measure and the plaintiff would not have access to the information without representation. *See, e.g.*, *Naranjo*, 809 F.3d at 797-98, 806-07.

[10] *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

[11] *Naranjo*, 809 F.3d at 804.

[12] *Id.*; *see also Byrd v. Lindsey*, 736 F. App'x 465, 468 (5th Cir. 2018) (affirming inherent authority to appoint counsel).

[13] *Naranjo*, 809 F.3d at 805-06.

III.     **ANALYSIS**

Plaintiff previously filed a Motion to Appoint Counsel.  ECF No. 7.  Judge Sarah Vance denied that motion without prejudice.  ECF No. 19.  After addressing the four *Ulmer* factors, Judge Vance concluded that the legal issues raised by Plaintiff were not exceptionally complex, that Plaintiff had demonstrated an adequate ability to present his case, which rests on his own direct experiences, and Plaintiff had not shown an inability to investigate his case.  *Id.* at 4.  Judge Vance further found unclear the extent to which appointment of counsel would assist the plaintiff, defendants and court as well as how much skill would be required in presenting evidence and eliciting testimony on cross-examination.  *Id.* at 5.  Judge Vance thus concluded that Plaintiff had not established exceptional circumstances necessary for appointment of counsel.  *Id.*

Plaintiff filed a second Motion to Appoint Counsel several months later.  ECF No. 28. Judge Vance denied the second motion to appoint counsel, noting that Plaintiff's only new argument (counsel would assist in locating the unserved defendants) did not constitute exceptional circumstances.  ECF No. 29 at 7.

After those rulings, Judge Ashe addressed several Rule 12 motions.   In dismissing Plaintiff's claims against several prosecutors, Judge Ashe explained that, because Plaintiff's claims are premised on actions taken during the judicial phase of the criminal proceedings, the claims against the prosecutors are barred by the doctrine of absolute immunity.  ECF Nos. 71 at 5-7; 88 at 1 n.5.  Likewise, in dismissing the claims against the current District Attorney and current Mayor, Judge Ashe also explained that no viable individual or official capacity claims are stated against either as neither had any personal involvement in Plaintiff's underlying criminal case nor is there any facts stated to suggest an official policy was the moving force behind the alleged constitutional violation.  ECF Nos. 86 at 1 n.5; 87 at 1 n.5.

Plaintiff's pleadings have been cogent and coherent.  He has demonstrated an adequate ability to articulate his claims, which are not unduly complex.  Plaintiff's limited knowledge of the law is true for nearly every *pro se* litigant.  For that reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by attorneys.[14]  While Plaintiff continues to argue that his incarceration was unjust,[15] applying well-settled legal principles, Judge Ashe dismissed his claims against all defendants who have been served.  This is consistent with Fifth Circuit precedent applying absolute immunity to bar even claims premised on allegations of prosecutorial misconduct, including a prosecutor's withholding exculpatory evidence, disobeying discovery orders, fabricating evidence, charging without probable cause pursuant to a constitutionally deficient indictment, and other prosecutorial misconduct.[16]

Without addressing the findings in Judge Vance's prior two decisions, Plaintiff's third Motion to Appoint Counsel simply repeats his assertions, raising the same arguments as his first motion[17] with one new ground:  "Because of the vastness of Texas, plaintiff's lack of transportation

---

[14] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[15] As the Supreme Court stated in *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976) (footnotes omitted) (quoting *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied*, 339 U.S. 949 (1950)):

> To be sure, [absolute prosecutorial] immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.  Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice. With the issue thus framed, we find ourselves in agreement with Judge Learned Hand, who wrote of the prosecutor's immunity from actions for malicious prosecution:
>
> > "As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation."

[16] *Frasier v. Lemmon*, No. 23-1525, 2023 WL 4568518, at *1 (E.D. La. June 20, 2023), *R.&R. adopted*, No. 23-1525, 2023 WL 4561763 (E.D. La. July 17, 2023); *see also Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (quoting *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978)) (holding that absolute prosecutorial immunity protects prosecutors accused of intentional misconduct, including "knowingly us[ing] perjured testimony, deliberately withh[olding] exculpatory information, or fail[ing] to make full disclosure of all facts."); *Harris v. Dall. Cnty. Dist. Att'y's Off.*, 196 F.3d 1256 (5th Cir. 1999) (explaining that prosecutorial immunity protects prosecutors from liability for intentional misconduct).

[17] *Compare* ECF No. 7 (asserting he is unable to afford counsel, the issues are complex and substantial, he has limited knowledge of the law, and the ends of justice would be best served), *with* ECF No. 83 (Nos. 1, 2, 4 and 5).

and impoverished status, limits plaintiff's access to a library." ECF No. 83 at 2. The lack of transportation to access a library, however, does not establish exceptional circumstances.[18]

Having reviewed the complaints and other filings in the record, Plaintiff's claims are neither factually nor legally complex. Plaintiff has demonstrated the ability to articulate his position and represent himself adequately through his filings to date, and no other *Ulmer* factors are present to establish exceptional circumstances necessary to require the appointment of counsel. Should Plaintiff serve the remaining defendants, the claims survive Rule 12 motions, and the matter is set for trial, where there may be a need for skilled counsel to present evidence or examine witnesses. The need for appointed counsel may be reconsidered at that time. At this point, however, given Plaintiff's failure to establish exceptional circumstances under *Ulmer* and cognizant that Plaintiff's claims against all served defendants have already been dismissed based on well-settled legal principles, appointment of counsel is neither required nor warranted.

## IV.    <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this _____17th_____ day of January, 2025.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[18] *See, e.g.*, *Lavender v. Denton M.H.M.R.*, No. 19-804, 2020 WL 13751089, at *1 (E.D. Tex. July 15, 2020) (holding that imprisonment and limited ability to access law library, even further curtailed by the pandemic, is not exceptional circumstances under *Ulmer*).