UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYRONE CLOFER                                          CIVIL ACTION

VERSUS                                                NO. 23-6268

DA JOSEPH CONNICK SR., *et al.*                       SECTION M (2)


**<u>ORDER & REASONS</u>**

Before the Court is a motion by plaintiff Tyrone Clofer seeking reconsideration of this Court's Order & Reasons dismissing with prejudice his claims against former Orleans Parish assistant district attorneys Eric Dubelier, Joseph Iuzzolino, and Jacob Frenkel.[1]  In that order, this Court held that Dubelier, Izzolino, and Frenkel were entitled to absolute prosecutorial immunity regarding Clofer's claims against them brought under 42 U.S.C. § 1983 and any state-law claims he intended to plead, or could have pleaded, and that Clofer lacked standing to seek declaratory relief against these three defendants.[2]  Clofer, without citing any new evidence or arguments, urges that reconsideration is warranted because these defendants committed constitutional violations prior to instituting the prosecution.[3]  Dubelier, Izzolino, and Frenkel respond in opposition arguing that Clofer's motion should be denied because it rehashes arguments this Court has already rejected and provides no justification for reconsideration.[4]

---

[1] R. Doc. 89 (presumably directed to R. Doc. 71).  The title of the motion does not specify which part of the case Clofer seeks to have reconsidered, but the body of the motion discusses the assistant district attorney defendants. Thus, the Court construes the motion as applying to the Order & Reasons dismissing Clofer's claims against Dubelier, Izzolino, and Frenkel.

[2] R. Doc. 71.

[3] R. Doc. 89.

[4] R. Docs. 96; 97; 98.  District attorney Jason Williams also responded to the motion.  R. Doc. 96.  Although Clofer's motion to reconsider does not mention Williams or the dismissal of the claims against him (R. Doc. 86), to the extent that the motion is meant to apply to him, it is DENIED.

Clofer seeks reconsideration of an interlocutory order. Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure. Under that rule, a "court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted). Rule 54(b) "'reflect[s] the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)) (internal quotation marks omitted). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) (observing that if "the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Prot., LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("[A]lthough a district court may revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time.") (emphasis, alterations, and quotation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019) ("A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment.").

Clofer has not presented any arguments or evidence in connection with his motion for reconsideration as would establish that Dubelier, Izzolino, and Frenkel's motions to dismiss should have been denied. He merely reurges many of the same arguments and points to the same evidence

thoroughly considered in connection with this Court's original ruling on the motions to dismiss.

Thus, the motions do not warrant reconsideration.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Clofer's motion for reconsideration (R. Doc. 89) is DENIED.

New Orleans, Louisiana, this 20th day of February, 2025.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE